**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ANNA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:20-cv-266 |
| v. ) | |
| ) | JURY DEMAND |
| S&J HICKS INVESTMENTS, LLC d/b/a ) | |
| POPLAR BLUFF PIZZA INN, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Anna Harris, by and through her undersigned counsel, and for her Complaint states as follows:

**NATURE OF THE COMPLAINT**

1. This is a civil action arising under the laws of the United States and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

**THE PARTIES**

2. Ms. Harris is and, at all relevant times, has been a resident of Butler County, Missouri who was, at all relevant times, an employee of Defendant S&J Hicks Investments, LLC d/b/a Poplar Bluff Pizza Inn.

3. Defendant S&J Hicks Investments, LLC is a Missouri Limited Liability Company doing business as the Poplar Bluff Pizza Inn with a principal place of business at 1915 North

Westwood Blvd, Poplar Bluff, MO 63901. Its registered agent for service of process is Jeffrey Hicks, who may be served at 264 Remington Place, Poplar Bluff, Missouri, 63901.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Harris's claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* because they raise federal questions pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial portion of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Harris in Butler County, Missouri, which is located in this judicial district.

6. Ms. Harris filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Ms. Harris received a Notice of Right to Sue with respect to the charges set forth below fewer than ninety days prior to the filing of this Complaint, a copy of which is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant operates a pizza buffet restaurant known as Pizza Inn in Poplar Bluff.

8. Defendant regularly employed fifteen or more employees in the course of its business.

9. Defendant hired Ms. Harris in February of 2016 as an employee in its restaurant.

10. Ms. Harris worked primarily as the prep cook and dishwasher, with other duties on occasion.

11. In the course of her employment, Ms. Harris was subjected to an ongoing and persistent pattern of sexually harassing behavior.

12. After the manager who hired her left at the end of 2017, things changed for Ms. Harris when a coworker began harassing her at every possible opportunity.

13. The coworker frequently touched Ms. Harris in inappropriate ways, including by pinching her breasts, trying to kiss her, commenting on her appearance, inviting her to his home, and propositioning her for sex.

14. Ms. Harris told the coworker that she was not interested in any physical relations with him and implored him to leave her alone, but his behavior continued.

15. Ms. Harris reported the harassment to Defendant's general manager in or about 2018, but the behavior continued.

16. On or about July 18, 2018, the coworker made a crude sexual comment to Ms. Harris in the presence of a delivery truck driver, who reported the comment to Defendant's owner.

17. After Ms. Harris wrote a statement for the owner describing the harassment, the owner said that Ms. Harris would never again have to work with the coworker.

18. After two months of peace, however, on or about January 6, 2019, Defendant required Ms. Harris to begin working with the coworker again.

19. The coworker took the opportunity to resume his harassment of Ms. Harris by showing her pictures of his penis, touching her in a sexual manner, and commenting on her body and the clothing she should wear to show it off.

20. Shown that her complaints to management would do no good, Ms. Harris tried her best to avoid the coworker but still faced a daily onslaught of sexual behavior toward her.

21. Defendant hired a new general manager in or about November 2019.

22. Defendant told the new general manager that Ms. Harris had complained about the coworker and his sexual behavior in the workplace.

23. Within a few weeks after starting the job, the new general manager began writing up Ms. Harris for alleged sexual remarks she did not make and alleged sexual behavior in which she did not engage.

24. The write ups were not factual but were, instead, generated to punish Ms. Harris for opposing sexual harassment.

25. Around the same time, Defendant's owner instructed a manager to "get rid of all the old people, starting with" Ms. Harris.

26. Ms. Harris maintained good attendance and performed her job well throughout her employment with Defendant.

27. Defendant, however, terminated Ms. Harris on or about November 13, 2019.

28. Defendant's actions described in this Complaint were intentional, willful, deliberate, and malicious.

29. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Harris has suffered pecuniary losses in the form of lost income and lost employment benefits, as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

30. Ms. Harris realleges and incorporates herein the allegations contained in Paragraphs 1 – 29.

31. Defendant's actions constitute discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*

32. Defendant's actions created an unwelcome and hostile working environment for Ms. Harris.

33. Defendant failed to take appropriate corrective action in order to protect Ms. Harris and to prevent a hostile working environment.

34. Sex was a motivating factor in Defendant's adverse treatment of Ms. Harris.

35. Defendant's discriminatory actions on the basis of Ms. Harris's sex were willful and knowingly committed.

36. As a direct and proximate result of the Defendant's adverse treatment of Ms. Harris in violation of Title VII of the Civil Rights Act of 1964, Ms. Harris was injured and suffered damages.

37. Ms. Harris has sustained a loss of back pay, benefits, incidental expenses, and front pay.

38. Defendant engaged in the discriminatory practices alleged in this first cause of action with malice and/or with reckless indifference to Ms. Harris's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a) & (b).

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

39. Ms. Harris realleges and incorporates herein the allegations contained in Paragraphs 1 – 38.

40. Defendant's actions constitute retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* The treatment to which Ms. Harris was subjected and Defendant's termination of Ms. Harris were a direct and proximate result of her refusal to acquiesce to and complaints and charges she made based on the sexual advances and inappropriate conduct of Defendant's agent.

41. Defendant's retaliation against Ms. Harris was willful and knowingly committed.

42. As a direct and proximate result of Defendant's retaliation, Ms. Harris was injured and suffered damages.

43. Ms. Harris has sustained a loss of back pay, benefits, incidental expenses, and front pay.

44. Defendant engaged in the retaliatory practices alleged in this second cause of action with malice and/or with reckless indifference to Ms. Harris's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(a) & (b).

## COUNT III

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

45. Ms. Harris realleges and incorporates herein the allegations contained in Paragraphs 1 – 44.

46. As set out herein, Defendant subjected Ms. Harris to adverse action because of her age.

47. Defendant's actions alleged herein constitute discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

48.    As a direct and proximate result of Defendant's adverse treatment of Ms. Harris in violation of the Age Discrimination in Employment Act, Ms. Harris was injured and suffered damages.

49.    Ms. Harris has sustained a loss of back pay, benefits, incidental expenses, and front pay.

50.    Defendant's actions on the basis of Ms. Harris's age were committed willfully and with knowledge that they violated the Age Discrimination in Employment Act, entitling Ms. Harris to an award of liquidated damages pursuant to 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

1.    That the Defendant be served and required to answer within the time prescribed by law;

2.    That a jury of eight try this cause;

3.    That upon the hearing of this cause, the Plaintiff be awarded judgment for damages of lost compensation she has lost from the date of Defendant's discriminatory and retaliatory actions, in an amount to be proven at trial;

4.    That the Court issue an award of front pay, in an amount to be proven at trial, in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.    That the Plaintiff be awarded additional compensatory damages pursuant to 42 U.S.C. § 1981a(a) & (b), including but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation for Counts I and II in an amount to be proven at trial;

6. That Defendant be ordered to pay punitive damages pursuant to 42 U.S.C. § 1981a(a) & (b) for Counts I and II in an amount to be determined at trial;

7. That the Plaintiff be awarded liquidated damages equal to the amount of her lost compensation pursuant to 29 U.S.C. § 626(b) for Count III;

8. That costs and discretionary costs be taxed against the Defendant;

9. That costs and attorney fees be assessed against the Defendant pursuant to 42 U.S.C. § 2000e-5(k) and 29 U.S.C. §§ 626(b) & 216(b);

10. That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

11. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded;

12. For such other and further relief as this court may find appropriate.

>Respectfully submitted,
>
>s/ D. Wes Sullenger
>D. Wes Sullenger, (Pro Hac Vice Pending)
>   KY BAR # 91861
>   TN BPR # 021714
>   IL ARDC # 6322019
>
>Sullenger Law Office, PLLC
>629 Washington Street
>Paducah, KY  42003
>Voice: (270) 443-9401
>
>wes@sullengerfirm.com
>
>*Attorney for the Plaintiff,*
>*Anna Harris*